### In re KLAUSMEYER.

(Court of Appeals of District of Columbia. Submitted November 11, 1925. Decided December 7, 1925.)

#### No. 1770.

Patents ⚖=17—Elevating mechanism, having nut formed to present a transverse section of its threaded bore to permit examination to determine wear, held to involve invention.

Elevating mechanism, consisting of member adapted to be moved against opposition and a nut secured to said member, and formed to present to view a transverse section of its threaded bore to permit examination to determine extent of wear on threads, *held* to involve invention rather than mere exercise of mechanical skill.

Appeal from Decision of Commissioner of Patents.

Application by David C. Klausmeyer for patent. From a decision of the Commissioner of Patents, denying application, applicant appeals. Reversed, and claims awarded.

A. F. Nathan, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, refusing the claims, 15 in number, of an application for patent. There is needless multiplication of claims. Claims 1, 2, 5, and 7 fully cover the device, and of those we here reproduce claim 5:

"5. A safety construction for elevating mechanism consisting of a member adapted to be moved against opposition; a nut secured to said member and formed to present to view a transverse section of a portion of its threaded bore; and a screw adapted to cooperate with said nut to shift said member."

In a modern radial drill, the drill spindle is mounted on a heavy arm projecting horizontally from the vertical post. The functioning of the drill is accomplished by moving this heavy arm up and down on the post, through the agency of the large screw-engaging nut which is affixed to the arm, so that the rotation causes the nut to travel up and down through the full length of the screw. It is apparent that the wear on the threads of this nut is much greater than the wear on the threads of the post. As this arm is very heavy, sometimes weighing as much as a ton, when the threads of the nut become sufficiently worn, there is danger that they will be stripped and permit the arm to fall. The nut being embedded, there was no way in which its threads might be inspected, except by dismantling the lifting screw. This danger and difficulty applicant sought to overcome. He solved the problem by drilling a hole through the arm and wall of the nut, so that the hole approximately centers on threads of the nut, thus exposing them to view. This is quite well illustrated in Figure No. 3, here reproduced:

*Fig. 3.*

This hole enables the operator to determine at a glance the extent of the wear on the threads of the nut.

The Patent Office rejected the claims on the patent to Metzger, No. 509,178, issued November 21, 1893, or over 30 years ago. Metzger's device, as stated in his specifica-

tion, was intended "to provide automatic lubrication without the employment of wicking or other material." The hole he provided was for that purpose, and that alone. In our judgment, it entirely fails to solve the problem with which applicant was confronted. A hole drilled toward the center of the screw would permit lubrication, but not inspection of threads of the nut. Had the Metzger patent been at all suggestive of appellant's device, it is strange that skilled mechanics should have overlooked it for more than 30 years. Applicant has done more than merely drill a hole in the nut. He conceived the idea of drilling such a hole as to permit inspection of threads of the nut, and this, in our view, involved more than the exercise of mere mechanical skill.

As an alternative, applicant suggests the cutting away of a portion of one end of the nut, so that its threads may be visible and certain of the claims cover this alternative structure. The decision is reversed, and claims 1, 2, 5, and 7 are awarded the applicant.

Reversed.